### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. JOSEPH SOCIETY OF SACRED HEART, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     11-1616** |
| **TROY HENRY, ET AL.** | **SECTION: "A" (4)** |

### ORDER

Before the Court is a **Motion to Compel and Incorporated Request for Expedited Hearing (R. Doc. 48)** filed by the Plaintiffs, the St. Joseph Society of Sacred Heart and Revered William Norvel (collectively, "the Plaintiffs") seeking an Order requiring the Defendants, Troy Henry, Daniel Davillier, Wilmer Jacobs, Ben Johnson, William Bostick, and Carl Blouin (collectively, "the Defendants") to provide more complete responses to its propounded discovery requests. The Defendants oppose the motion. (R. Doc. 54.) The motion was heard on the briefs on August 11, 2011.

**I.     Background**

The Plaintiffs contend that the Defendants, former members of the Board of Directors of St. Augustine High School in New Orleans, Louisiana ("St. Augustine") attempted a coup by purportedly passing by-laws with the intent and objective of removing the St. Joseph Society of the Sacred Heart,

Inc.[1] ("the Josephites"), from its position as the membership and ultimate authority of St. Augustine. (R. Doc. 36, p. 1.) Specifically, the Plaintiffs allege that on June 28, 2011, Defendant Henry called a special meeting of the Board of Directors.

Specifically, the Plaintiffs contend that Henry called the special meeting by email on June 22, 2011. He listed in the email the various topics to be discussed which were "dismissal of lawsuit, SACS accreditation impact, President's current contract status, and Go Forward Governance Model." (R. Doc. 36, ¶ 35.) The e-mail did not indicate that a revision to the by-laws would be proposed or voted on at the meeting nor were any proposed revisions circulated prior to the meeting. *Id.* (R. Doc. 36, ¶ 36.)

At the meeting, however, the proposed by-laws were provided to all of the attendees. (R. Doc. 36, ¶ 36.) The Plaintiffs allege that the Defendants voted to replace St. Augustine's by-laws with an entirely new set of by-laws which served to remove the Josephites' powers as members. (R. Doc. 36, ¶ 37.) The Defendants contend that these by-laws are invalid.

Specifically, the Josephites contend that on May 11, 2005, by unanimous vote, their original By-Laws were approved. The By-Laws defined Members as:

> Board of Trustees in this corporation shall be members of the St. Joseph's Society (Josephites), and each duly qualified thereof shall be entitled to one vote. Only those persons who are currently members of the St. Joseph's Society (Josephites) and who have been elected to the General Council, and the Superior General may be members. Election, with the Constitution and statutes of the order shall automatically determine Board of Trustees status in this corporation. Death of a member shall also terminate membership, and no corporate interest shall be heritable, transferable, or assignable.

The 2005 by-laws also reserved to the members the powers to adopt and amend the articles and by

---

[1] The St. Joseph Society of the Sacred Heart, Inc., is an interracial inter-cultural community of priests and brothers which was founded in 1893. Their purpose is to advance the teachings of the Roman Catholic Church in African American communities. The Josephites have owned an operated St. Augustine since 1951, a historically African American school for young men. (R. Doc. 36, ¶¶ 5-6.)

2

laws and provided that the board of directors could not amend the articles of incorporation without the authority and approval of the Board of Trustees/Members.  (*See* R. Doc. 36, ¶¶ 21-24.)

As a result, the Josephites filed the above captioned matter seeking declaratory and injunctive relief and a ruling that the Defendants' purported amendments are invalid and ineffective under both the corporate documents of St. Augustine and Louisiana law.  (R. Doc. 36, p. 2.)

As to the instant motion, the Plaintiffs propounded their discovery requests on August 3, 2011. Discovery in this matter is proceeding on an expedited schedule.  As such, the Defendants provided their responses on August 9, 2011.  A preliminary injunction hearing is scheduled in this matter on August 15, 2011.  The Plaintiffs particularly contest the Defendants' responses to Request for Production 13 and Interrogatories 6, 9, and 11.  The Defendants oppose the motion.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less

expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

### III.     Analysis

The Plaintiffs contend that the Defendants responses to Request for Production 13, and Interrogatories 6, 9, and 11 are insufficient. The Plaintiffs contend that the Defendants have improperly asserted blanket objections and further contend that the information requested is relevant to the instant matter.

In response, the Defendants contend that the Plaintiffs have sought the production of documents and responses to interrogatories which invade their privacy and are otherwise confidential, irrelevant, or can be obtained through other means. They further contend that some of the information requested has been previously produced in accordance with the presiding Judge's Scheduling Order. The Defendants also seem so suggest that they should not have to produce supplemental responses because the Plaintiffs have likewise failed to provide full and complete responses to their discovery requests. As such, the Plaintiffs motion should be denied.

#### A.     Request for Production 13 and Corresponding Interrogatory No. 6.

The Plaintiffs first contest the Defendants' response to **Request for Production No. 13** which sought "[a]ll documents reflecting telephone calls made from and/or received between June 9, 2011, and June 30, 2011, at any telephone identified in Answer to Interrogatory No. 6." (R. Doc. 48-5, p. 10.) **Interrogatory 6** states, "[i]dentify all telephones (by full number) from which you made and/or

4

received telephone communications between June 9, 2011, and June 30, 2011, related to the business of St. Augustine, including but not limited to phone communications related to the June 28, 2011 By-Laws and the June 28, 2011, meeting of the Directors." (R. Doc. 48-6, p. 7.)

The Defendants objected by stating that the requests are vague, ambiguous, overly broad, and unduly burdensome. The Defendants also contend that the purpose of the requests was to harass and annoy the Defendants and non parties. They further contend that the information is not relevant and is otherwise protected by the attorney-client privilege, work-product privilege and/or anticipation of litigation doctrine.

The Plaintiffs contend that the central issue in this matter is the existence of communications by and between the Defendants and others regarding St. Augustine, particularly the events leading up to the June 28, 2011, Board Meetings and the By-Laws which were adopted at the meeting. As such, the Plaintiffs contend that this information is relevant and should be produced.

In response, the Defendants contend that these requests invade their privacy. They contend that they "should not be forced to disclose all of their private telephone numbers for public consumption." (R. Doc. 54, p. 2.) Further, to the extent that the Plaintiffs seek the Defendants' telephone records, they contend that they are unable to obtain this information on an expedited basis particularly because the Defendants are currently being deposed. They further argue that they have produced all relevant, non-privileged documents.

The Court finds that the Defendants objections are without merit. The requests are neither overly broad or vague; they clearly seek information and any documentation relating to phone calls between the Defendants regarding the subject matter of this litigation. The requests are limited in time, particularly from June 9, 2011, and June 30, 2011. Further, presumably there are a limited number of telephone numbers used by the Defendants when communicating on this matter. The Court further

notes that these communications are clearly relevant, as a central issue of this matter is the purported discussions between the Defendants prior to the June 30, 2011, meeting, to the exclusion of the Josephites.

The Court further finds that the attorney-client privilege, work product privilege and in anticipation of litigation objections are without merit. The requests do not seek any documentation regarding communication the Defendants had with lawyers concerning St. Augustine. Further, to the extent that any such communications exist, the Defendants are required by the Rules to provide a privilege log.

Further, the Court notes that the Defendants arguments contained in its response, namely that the requests violate the Defendants' privacy and that there is not adequate time to respond to the requests are not included in the Defendants' formal responses. To the extent that the Defendants object to providing their private telephone numbers because they do not want them available for "public consumption," the Court finds that this argument is without merit. Discovery responses are not filed in the record and are provided directly to the parties. As such, the private telephone numbers of the Defendants are not available to the public by virtue of including them in responses to discovery requests. As a result, the Court finds that the Defendants objections to these requests are without merit, and accordingly they are ordered to immediately supplement their responses.

**B.    Interrogatory No. 9**

**Interrogatory 9**[2] seeks information relating to every lawsuit and judicial, quasi-judicial, disciplinary, or administrative action involving any of the Defendants in the past fifteen (15) years.

---

[2]Specifically, **Interrogatory 9** states, "List every lawsuit and judicial, quasi-judicial, disciplinary, or administrative action involving you during the past 15 years. For each such event, set forth the nature and dates of each, the name/caption and location of each, the date(s) on which each occurred, a brief description of the nature of each, a brief description of your role in each, and a brief description of the outcome of each." (R. Doc. 48-6, p. 9.)

The Defendants objected on the grounds that the request is vague, overly broad, and unduly burdensome. They further objected on the basis of relevancy and on the basis of the attorney/client privilege, the work-product privilege and/or anticipation of litigation doctrines. Subject to their objections, they contend that the Defendants can obtain this information, to the extent discoverable, during the Defendants' depositions.

In response, the Defendants contend that the Plaintiffs can obtain this information without the Defendants assistance because it is in the public record. The Defendants note that because the Plaintiffs have filed matters into the record, "counsel obviously [has] a PACER login and password." (R. Doc. 54, p. 3.) To the extent that this information is not a part of the public records, the Defendants contend that the Plaintiffs have "no right" to the information because they are confidential. For example, the Defendants contend that Davillier is an attorney in the State of Louisiana. Thus, to the extent he had any disciplinary proceedings against him, which the Defendants deny, these proceedings are confidential and need not be disclosed.

The Court sustains the Defendants' over breadth objection. The fifteen (15) year time period included in the request is over broad in temporal scope. As such, the objection is sustained and the Court need not address the other objections raised by the Defendants.

### C.     Interrogatory 11

Finally, the Plaintiffs object to the Defendants response to **Interrogatory 11**[3] which sought a description of all communications, including emails and text messages, between and amongst the

---

[3]Specifically, **Interrogatory No. 11** states,

Describe all communications, including emails and text messages, between and amongst the Defendants, and between and amongst the Defendants and the Directors, related to the June 28, 2011 By-Laws and the June 28, 2011 meeting of the Directors, including but not limited to all communications that occurred between June 9, 2011, and June 30, 2011.

(R. Doc. 48-6, p. 10.)

Defendants themselves and the Defendants and the Directors related to the June 28, 2011, By–Laws and June 28, 2011, meeting of the Board of Directors.

In response, the Defendants objected on the grounds that the request is overly broad, vague, and unduly burdensome. They further objected by stating that the request is not limited in temporal scope. The Defendants further objected that this request is irrelevant and that the information is equally or more available to the Plaintiffs. The Defendants further responded that the "Plaintiffs have produced certain emails sent to them in their capacity of Directors of St. Augustine, demonstrating that the information here requested is equally available to Plaintiffs." (R. Doc. 48-6, p. 10.) The Defendants finally objected on the basis of the attorney-client privilege, work-product privilege, and anticipation of litigation. Subject to their objections, the Defendants stated, "the Executive Committee met on June 27, 2011, and the June 28, 2011, By-Laws were passed by the Board on June 28, 2011." *Id.* at 11.

The Court finds that the Defendants objections are without merit. The request is limited in scope to the time period in which the Defendants had communications among themselves or with the Directors relating to the subject matter of this lawsuit. The Court further finds that the request is not vague or ambiguous as it clearly seeks a description of the communications between the Defendants and the directors. This, as mentioned in Section III, A, *supra*, is relevant to the Josephites claim that the Defendants had communications regarding the By-Laws and excluded the Josephites in such communications. The request clearly does not seek communications with the Defendants' attorneys, nor does it seek documentation that was prepared in anticipation of litigation. The Defendants objections are without merit, and as such, they are ordered to immediately supplement their responses.

As a final note, the Court notes that to the extent that the Defendants contend that they have already provided responsive information in accordance with the Court's Scheduling Order, such

production is not reflected in the Defendants responses.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel and Incorporated Request for Expedited Hearing (R. Doc. 48)** is hereby **GRANTED IN PART** and **DENIED IN PART:**

- The motion, insofar as it seeks supplemental responses to **Request for Production 13 and Interrogatories 6 and 11** is hereby **GRANTED.**

- The motion, insofar as it seeks a supplemental response to **Interrogatory 9** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants shall provide supplemental responses to the contested discovery requests no later than **Friday, August 12, 2011**, at **5:00 P.M.**

New Orleans, Louisiana, this 11th day of August 2011

**KAREN WELLS ROBY**
**UNITED STATES. MAGISTRATE JUDGE**